UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD GLENN WALKER, RAY STEWART, and FOSTER BROWN,<br><br>Plaintiffs,<br><br>v.<br><br>PERFORMANCE CONTRACTING, INC., and VANCE MANNING,<br><br>Defendants. | Case No.: 1:15-cv-01206 - JLT<br><br>ORDER GRANTING DEFENDANTS' MOTION TO FILE AN AMENDED ANSWER<br><br>(Doc. 18) |

Defendants Performance Contracting, Inc. and Vance Manning seek leave to file an Amended Answer to assert additional affirmative defenses. (Doc. 18-1) Plaintiffs Gerald Glen Walker, Ray Stewart, and Foster Brown oppose the motion. (Doc. 21) Because the Court finds the leave to amend is appropriate under Rule 15 of the Federal Rules of Civil Procedure, Defendants' motion to amend is **GRANTED**.

I.     **Background**

Plaintiffs, former employees of Performance Contracting, Inc., initiated this action by filing a complaint on August 3, 2015. (Doc. 1) Plaintiffs contend their employment was wrongfully terminated on the basis of their race, so that they could be replaced by Hispanic employees. (*Id.* at 3) Therefore, Plaintiffs contend Defendants are liable for violations of 42 U.S.C. § 1981, California's Fair Employment and Housing Act, and failure to take all reasonable steps to prevent discrimination. In

addition, Plaintiffs contend Defendant's actions violated public policy. (*See id.* at 3-6)  Defendants filed their Answer to the allegations on October 2, 2015.  (Doc. 11)

On November 17, 2015, the Court held a scheduling conference with the parties, and set forth the deadlines governing the action.  (Doc. 17)  Specifically, "[a]ny requested pleading amendments [were] ordered to be filed, either through a stipulation or motion to amend, no later than February 15, 2016."  (*Id.* at 2, emphasis omitted)

Defendants filed the motion now pending before the Court on February 12, 2016.  Defendants assert that after filing their answer, "counsel for Defendants discovered information that directly addressed Plaintiffs' eligibility and suitability for hire."  (Doc. 18-1 at 2)  According to Defendants, during the course of discovery they uncovered "a series of convictions for all three Plaintiffs," which "had previously not been disclosed by Plaintiffs during their application for employment with Performance Contracting, Inc."  (*Id.* at 2-3)  Defendants contend the convictions "would have barred them from hire."  (*Id.* at 3)  Accordingly, Defendants seek leave to assert the affirmative defenses of "after-acquired evidence" and "unclean hands."  (*Id.*)

Plaintiffs filed their opposition to the motion on March 7, 2016 (Doc. 21), to which Defendants filed a reply on March 15, 2016 (Doc. 22)

**II.     Legal Standards**

Under Fed. R. Civ. P. 15(a), a party may amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of a motion under Rule 12(b), (e), or (f). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  Because Plaintiffs do not consent to the filing an amended answer, Defendants seek the leave of the Court.

Granting or denying leave to amend a complaint is in the discretion of the Court, *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2).  "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).  Consequently, the policy to grant leave to amend is applied with extreme liberality. *Id.*

There is no abuse of discretion "in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990). After a defendant files an answer, leave to amend should not be granted where "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (citing *Yakama Indian Nation v. Washington Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)).

### III.    Discussion and Analysis

Evaluating a motion to amend, the Court may consider (1) whether the party has previously amended the pleading, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura County Comm. College Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor to determine whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

#### A.    Prior amendments

The Court's discretion to deny an amendment is "particularly broad" where a party has previously amended the pleading. *Allen*, 911 F.2d at 373. Here, the amendment sought is the first requested by Defendants. Therefore, this factor does not weigh against amendment.

#### B.    Undue delay

By itself, undue delay is insufficient to prevent the Court from granting leave to amend pleadings. *Howey v. United States*, 481 F.2d 1187, 1191(9th Cir. 1973); *DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986). However, in combination with other factors, delay may be sufficient to deny amendment. *See Hurn v. Ret. Fund Trust of Plumbing*, 648 F.2d 1252, 1254 (9th Cir. 1981). Evaluating undue delay, the Court considers "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1387; *see also Eminence Capital*, 316 F.3d at 1052. Also, the Court should examine whether "permitting an amendment would . . . produce an undue delay in the litigation." *Id.* at 1387.

Here, Defendants' counsel Tristan Mullis reports that on or about January 18, 2016, he "reviewed documents indicating that each of the Plaintiffs had previously been convicted of criminal acts that would have barred them from hire by Performance Contracting, Inc.." (Doc. 18-2 at 2, Mullis Decl. ¶ 6)  Mr. Mullis then "confirmed with Performance Contracting, Inc. that the criminal acts discovered would have barred Plaintiffs from hire."[1] (*Id.*, ¶ 5)  Mr. Mullis contacted Plaintiff's counsel on February 1, 2016 regarding "the information concerning criminal convictions and Defendants' preference to enter into a stipulation to amend their answer in lieu of a motion for leave to amend." (*Id.*, ¶ 6)  Plaintiffs declined to stipulate to an amendment on February 11 (*id.* at 7), and this motion was filed the next day.  Thus, Defendants have not exhibited undue delay in seeking amendment. Moreover, the amendment would not cause any delay in the litigation. Consequently, this factor does not weigh against amendment.

## C.  Bad faith

There is no evidence before the Court suggesting Defendants acted in bad faith in seeking amendment.  Therefore, this factor does not weigh against amendment.

## D.  Futility of amendment

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin*, 59 F.3d at 845.  Futility may be found where added claims are duplicative of existing claims or patently frivolous, or both.  *See id.* at 846.  In addition, the Ninth Circuit has determined "[a] motion for leave to amend may be denied if it appears to be futile or legally insufficient." *Miller v. Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988)

Notably, the after-acquired evidence doctrine may apply where the employer discovers misconduct for which the employee would have been fired, and may reduce an award of damages. *See O'Day v. McDonnell Douglas Helicopter Co.*, 79 F.3d 756, 761 (9th Cir. 1996) (explaining an employer may avoid certain remedies by coming forward with after-acquired evidence of an

---

[1] Plaintiffs object this statement lacks foundation and is inadmissible hearsay. (Doc. 21 at 3) However, for purposes of this motion, the statement is not offered for the truth, but rather as part of the timeline in seeking leave to amend the answer. In addition, it is clearly within Mr. Mullin's knowledge when he contacted the agent of Performance Contracting, Inc. regarding the criminal convictions. Accordingly, Plaintiffs' objections are **OVERRULED**.

employee's misconduct). In addition, the doctrine of unclean hands may preclude plaintiffs from recovery where they have engaged in "reprehensible conduct." *McKennon v. Nashville Banner Publ'g Co.,* 513 U.S. 352, 360 (1995). Because the defenses are neither duplicative nor legally insufficient[2], this factor does not weigh against granting Defendants leave to file an amended answer.

### E.     Prejudice to the opposing party

The most critical factor in determining whether to grant leave to amend is prejudice to the opposing party. *Eminence Capital*, 316 F.3d at 1052. The burden of showing prejudice is on the party opposing an amendment to the complaint. *DCD Programs*, 833 F.2d at 187; *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (9th Cir. 1977). Prejudice must be substantial to justify denial of leave to amend. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). There is a presumption in favor of granting leave to amend where prejudice is not shown under Rule 15(a). *Eminence Capital*, 316 F.3d at 1052.

Plaintiffs appear to assert they would suffer prejudice because "the pending motion fails to reveal what misconduct occurred in relation to the plaintiffs." (Doc. 21 at 2) According to Plaintiffs, "The motion as it currently stands is woefully insufficient as there is a lack of (1) any declaration from a corporate agent with knowledge, (2) any policy outlined that defendant follows that is "settled," and (3) documentation or otherwise indicating what "misconduct" was involved by the plaintiffs." (*Id.*) In addition, Plaintiffs inquire "What convictions were found? What is the company policy relating to the hiring of individuals with criminal convictions? Is that policy in writing? Does the company actually have a process to enforce that policy such as asking about felony convictions in its application? If so, is that application in compliance with California law in this area such as Labor Code 432.7 and 423.8?" (*Id.* at 3)

Significantly, however, Plaintiffs may seek the answer to these questions through serving discovery requests[3] upon Defendants, as the period for discovery will remain open for several months. Given the procedural posture of the case, Plaintiffs are not precluded from having the opportunity to

---

[2] Although Plaintiffs argue the proposed amended complaint fails to include facts supporting the additional affirmative defenses (Doc. 21 at 3-4), this factor does not require a determination of whether the pleadings are factually sufficient. *See Miller,* 845 F.2d at 214.

[3] Moreover, Plaintiffs are uniquely positioned to know whether they have suffered criminal convictions and, if they have, when and for what.

conduct discovery related to the affirmative defenses of "after acquired evidence" and "unclean hands" if leave to amend is granted. Consequently, Plaintiffs fail to demonstrate any prejudice and this factor does not weigh against granting Defendants leave to amend.

### IV.     Conclusion and Order

As discussed above, Defendants satisfy the requirements of Rule 15 the Federal Rules of Civil Procedure in seeking leave to amend. Accordingly, the Court exercises its discretion to permit Defendants to file the proposed Amended Answer. *See Swanson*, 87 at 343; Fed. R. Civ. P. 15(a)(2).

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Defendants' motion for leave to file the Amended Answer is **GRANTED**; and
2. Defendants **SHALL** file the amended answer[4] no later than **March 28, 2016**.

IT IS SO ORDERED.

Dated:   **March 21, 2016**                    /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[4] Defendants are reminded that affirmative defenses must contain factual allegations addressing each element of the defense.