# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD GLENN WALKER, RAY STEWARD, and FOSTER BROWN, <br><br> Plaintiffs, <br><br> v. <br><br> PERFORMANCE CONTRACTING, INC. and VANCE MANNING, <br><br> Defendant. | Case No.: 1:15-cv-01206- JLT <br><br> PRETRIAL ORDER <br><br> Deadlines: <br> Motions in Limine Filing: 9/9/16 <br> Oppositions to Motions in Limine: 9/16/16 <br> Hearing on Motions in Limine: 9/26/16, 10:00 a.m. <br><br> Trial Submissions: 9/30/16 |

Plaintiffs assert they are former employees of Performance Contracting, Inc. and worked under the supervision of Vance Manning. Plaintiffs contend their employment was wrongfully terminated on the basis of their race, so that they could be replaced by Hispanic employees. Therefore, they assert Defendants are liable for violations of 42 U.S.C. § 1981, California's Fair Employment and Housing Act, failure to take all reasonable steps to prevent discrimination, and a violation of public policy.

**A.   JURISDICTION/ VENUE**

This court has jurisdiction over the claims involving alleged violations of 42 U.S.C § 1981 pursuant to its federal question jurisdiction. This court has supplemental jurisdiction over the claims brought under California law pursuant to 28 U.S.C. § 1367. Further, the plaintiffs' claims arise out of events that occurred in Kern County, California. Accordingly, venue is proper in the United States District Court for the Eastern District of California sitting in Bakersfield. *See* 28 U.S.C. § 1391.

**B.     JURY TRIAL**

Plaintiffs and Defendants made timely demands for a jury trial on all issues. Thus, the trial will be by jury.

**C.     UNDISPUTED FACTS**

a.   Plaintiff Gerald Walker ("Walker") was hired by Defendant Performance Contracting, Inc. ("PCI") on or about February 21, 2014;

b.   Plaintiff Ray Steward ("Steward") was hired by PCI on or about March 28, 2014;

c.   Plaintiff Foster ("Brown") was hired by PCI on or about March 18, 2014.

**D.     DISPUTED FACTS**

All other facts in this case remain in dispute including but not limited to all facts relating to the following:

a.   Whether Walker resigned his employment or was discharged by PCI;

b.   If Walker was discharged and did not resign, whether said discharge from PCI was based on his race;

c.   Whether Steward was discharged from his employment with PCI based on race;

d.   Whether Brown was discharged from his employment with PCI based on race; and

e.   Whether Vance Manning uttered a racial slur toward Steward and Brown;

**E.     DISPUTED EVIDENTIARY ISSUES**

Those set forth in the motions in limine to be filed.

**F.     SPECIAL FACTUAL INFORMATION**

None.

**G.     RELIEF SOUGHT**

Plaintiffs seek economic damages, damages for emotional distress and mental anguish, and punitive damages. They also seek attorney fees and costs. (Doc. 1 at 7) Defendants seek dismissal of the claims and costs of suit. (Doc. 25 at 10)

**H.     POINTS OF LAW**

The matters at issue in this litigation arise from or involve the following points of law: 42 U.S.C. 1981, and Cal. Gov. Code sections 12940(a) & (k). Defendants intend to raise the after-

acquired evidence defense as well as the mixed-motive defense, per *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203 and *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003).

**I.     ABANDONED ISSUES**

None.

**J.     WITNESSES**

The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses. NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

**Plaintiffs' Witness List:**

1. Gerald Walker
2. Ray Steward
3. Foster Brown
4. Vance Manning
5. Thomas Limbrick
6. Shalia Simclair
7. Shephard Brevil
8. Pamela Baker
9. Theodoshia Steward

**Defendants' Witness List:**

1. Gerald Walker
2. Ray Steward
3. Foster Brown
4. Vance Manning
5. Thomas Limbrick
6. Alan Manning
7. Gerald Cox

8. Sean Illig

9. Eric Marquez

10. Alberto Laredo

11. Manuel Duran

12. Jessica Gutierrez

13. Michael Metcalf

14. Robin Kavanagh

15. Danny Harper (or other custodian of records for Southwest Regional Council of Carpenters)

16. Jeff Jordan

17. Gary Klawitter

**K.      EXHIBITS, SCHEDULES AND SUMMARIES**

The following is a list of documents or other exhibits that the parties expect to offer at trial. NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

**Plaintiffs' Exhibits**

1. Documents Bates stamped 1-22 attached to Gerald Walker's Response to Request for Production of Documents.

2. Documents Bates stamped 1-11 attached to Foster Brown's Response to Request for Production of Documents.

3. Documents Bates stamped 1-21 attached to Ray Steward's Response to Request for Production of Documents.

4. Defendant's Response to interrogatories of Plaintiff Gerald Walker.

5. Defendant's Response to request for Production of Documents of Plaintiff Gerald Walker

6. Defendant's Response to Interrogatories of Plaintiff Ray Steward.

7. Defendant's Response to Request for Production of Documents of Plaintiff Ray Steward.

8. Defendant's Response to Interrogatories of Plaintiff Foster Brown.

9. Defendant's Response to Request for Production of Documents of Plaintiff Foster Brown.

10. Plaintiffs reserve the right to utilize any and all documents produced by defendants, including those found in their personnel file as well as the applicable CBA.

**<u>Defendants' Exhibits</u>**

1. Personnel file of Gerald Walker
2. Personnel file of Ray Steward
3. Personnel file of Foster Brown
4. Contents of file maintained by Southwest Regional Council of Carpenters concerning Gerald Walker
5. Contents of file maintained by Southwest Regional Council of Carpenters concerning Ray Steward
6. Contents of file maintained by Southwest Regional Council of Carpenters concerning Foster Brown
7. Civil Complaint in Case No. 1:09-cv-01183-LJO-JLT, Walker v. Brand Energy Services
8. Records provided through Counties of Los Angeles, Kern, and Riverside concerning criminal convictions of Foster Brown.
9. Records provided through Counties of Los Angeles, Kern, and Riverside concerning criminal convictions of Ray Steward.
10. Foreman job description
11. Employment records from CLP Resources regarding Gerald Walker
12. Timesheets from Defendant PCI reflecting work of Plaintiffs
13. Master Labor Agreement for Southwest Regional Council of Carpenters, and
14. Memorandum Agreement for Scaffolding Contractors

On or before **September 6, 2016**, counsel **SHALL** meet and confer to discuss any disputes related to the above listed exhibits and to pre-mark and examining each other's exhibits.

1. At the exhibit conference, counsel will determine whether there are objections to the admission of each of the exhibits and will prepare separate indexes; one listing joint exhibits, one listing Plaintiff's exhibits and one listing Defendant's exhibits. In advance of the conference, counsel must have a complete set of their proposed exhibits in order to be able to fully discuss whether

evidentiary objections exist.  <u>Thus, any exhibit not previously provided in discovery **SHALL** be provided at least five court days in advance of the exhibit conference</u>.

2. At the conference, counsel shall identify any duplicate exhibits, i.e., any document which both sides desire to introduce into evidence.  These exhibits **SHALL** be marked as a joint exhibit and numbered as directed above.  Joint exhibits **SHALL** be admitted into without further foundation.

All Joint exhibits will be pre-marked with numbers preceded by the designation "JT" (e.g. JT/1, JT/2, etc.).  Plaintiff's exhibits will be pre-marked with numbers beginning with 1 by the designation PX (e.g. PX1, PX2, etc.). Defendant's exhibits will be pre-marked with numbers beginning with 501 preceded by the designation DX (e.g. DX501, DX502, etc.). The Parties SHALL number each page of any exhibit exceeding one page in length (e.g. PX1-1, PX1-2, PX1-3, etc.).

If originals of exhibits are unavailable, the parties may substitute legible copies. If any document is offered that is not fully legible, the Court may exclude it from evidence.

Each joint exhibit binder shall contain an index which is placed in the binder before the exhibits.  The index shall consist of a column for the exhibit number, one for a description of the exhibit and one column entitled "Admitted in Evidence" (as shown in the example below).

**INDEX OF EXHIBITS**

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE |
|---|---|---|

3. As to any exhibit which is not a joint exhibit but to which there is no objection to its introduction, the exhibit will likewise be appropriately marked, i.e., as PX1, or as DX501 and will be indexed as such on the index of the offering party.   Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

4. Each exhibit binder shall contain an index which is placed in the binder before the exhibits.  Each index shall consist of the exhibit number, the description of the exhibit and the three columns as shown in the example below.

///

///

///

INDEX OF EXHIBITS

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE | OBJECTION FOUNDATION | OTHER OBJECTION |
|---|---|---|---|---|

5. On the index, as to exhibits to which the only objection is a lack of foundation, counsel will place a mark under the column heading entitled "Admissible but for Foundation."

6. On the index, as to exhibits to which there are objections to admissibility that are not based solely on a lack of foundation, counsel will place a mark under the column heading entitled "Other Objections."

After the exhibit conference, Plaintiff and counsel for the defendants **SHALL** develop four complete, legible sets of exhibits. The parties **SHALL** deliver three sets of their exhibit binders to the Courtroom Clerk and provide one set to their opponent, no later than 4:00 p.m., on **August 5, 2016**. Counsel **SHALL** determine which of them will also provide three sets of the joint exhibits to the Courtroom Clerk.

7. The Parties **SHALL** number each page of any exhibit exceeding one page in length.

**L. DISCOVERY DOCUMENTS**

The following is a list of discovery documents – portions of depositions, answers to interrogatories, and responses to requests for admissions – that the parties expect to offer at trial. NO DISCOVERY DOCUMENT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(12).

1. Responses to Defendant PCI's Interrogatories to Plaintiff Gerald Walker, Set One;
2. Responses to Defendant PCI's Interrogatories to Plaintiff Foster Brown, Set One;
3. Responses to Defendant PCI's Interrogatories to Plaintiff Ray Steward, Set One;
4. Responses to Defendant Manning's Interrogatories to Plaintiff Gerald Walker, Set One;
5. Responses to Defendant Manning's Interrogatories to Plaintiff Foster Brown, Set One
6. Responses to Defendant Performance Contracting Inc.'s Request for Production of Documents to Plaintiff Ray Steward, Set One;

   7. Responses and production arising relating to Defendant Performance Contracting Inc.'s Request for Production of Documents to Plaintiff Gerald Walker, Set One;

   8. Responses and production arising relating to Defendant PCI's Request for Production of Documents Plaintiff Foster Brown, Set One;

   9. Responses and production arising relating to PCI's Request for Production of Documents to Plaintiff Ray Steward, Set One;

   10. Deposition of Gerald Walker (and related exhibits), taken April 13, 2016;

   11. Deposition of Ray Steward (and related exhibits), taken April 14, 2016;

   12. Deposition of Thomas Limbrick (and related exhibits), taken June 9, 2016;

   13. Deposition of Thomas Limbrick (and related exhibits), taken June 9, 2016;

   14. Defendant PCI's responses to interrogatories propounded by all three plaintiffs; and

   15. Defendant PCI's responses to requests for production of documents propounded by all three plaintiffs.

  In the event the parties wish to admit any portion of a discovery document, the specific discovery request, e.g., interrogatory, request for admission, must be redacted so that any extraneous request/response is omitted.

**M. FURTHER DISCOVERY OR MOTIONS**

  No further discovery is sought by either party.

**N. MOTIONS IN LIMINE**

  Any party may file motions in limine. The purpose of a motion in limine is to establish in advance of the trial that certain evidence should not be offered at trial. "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." Luce v. United States, 469 U.S. 38, 40 n. 2 (1984); Jonasson v. Lutheran Child and Family Services, 115 F. 3d 436, 440 (7th Cir. 1997). The Court will grant a motion in limine, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. Id.

  **In advance of filing any motion in limine, counsel SHALL meet and confer to determine whether they can resolve any disputes and avoid filing motions in limine. Along with their**

1 **motions in limine, the parties SHALL file a certification demonstrating counsel have in good**
2 **faith met and conferred and attempted to resolve the dispute.  Failure to provide the**
3 **certification may result in the Court refusing to entertain the motion.**

Any motions in limine must be filed with the Court by **September 9, 2016**.  The motion must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial. Any opposition to the motion must be served on the other party, and filed with the Court by **September 16, 2016**. The Court sets a hearing on the motions in limine on **September 26, 2016**, at 10:00 a.m.  Appearances via Courtcall are authorized.

The parties are reminded they may still object to the introduction of evidence during trial.

**O.    STIPULATIONS**

None.

**P.    AMENDMENTS/ DISMISSALS**

None.

**Q.    SETTLEMENT NEGOTIATIONS**

None.

**R.    AGREED STATEMENT**

None

**S.    SEPARATE TRIAL OF ISSUES**

None.

**T.    APPOINTMENT OF IMPARTIAL EXPERTS**

None requested.

**U.    ATTORNEYS' FEES**

Both 42 U.S.C. 1988 and the Fair Employment & Housing Act authorize an award attorneys' fees to a plaintiff who is the prevailing party.  Defendants intend to contest an award of fees under California Code of Civil Procedure section 1033(a), *Chavez v. City of Los Angeles*, 47 Cal.4th 970 (2010), and *Farrar v. Hobby*, 506 U.S. 103 (1992).  Defendants will seek costs in the event of a defense verdict.

///

**V.     TRIAL DATE/ ESTIMATED LENGTH OF TRIAL**

Jury trial is set for **October 10, 2016**, at 8:30 a.m. before the Honorable Jennifer L. Thurston at the United States Courthouse, 510 19th Street, Bakersfield, California.  Trial is expected to last 5 days.

**W.     TRIAL PREPARATION AND SUBMISSIONS**

### 1.     Trial Briefs

The parties are relieved of their obligation under Local Rule 285 to file trial briefs. If any party wishes to file a trial brief, they must do so in accordance with Local Rule 285 and be filed on or before **September 30, 2016**.

### 2.     Jury Voir Dire

The parties are required to file their proposed voir dire questions, in accordance with Local Rule 162.1, on or before **September 30, 2016**.

### 3.     Jury Instructions & Verdict Form

The parties shall serve, via e-mail or fax, their proposed jury instructions in accordance with Local Rule 163 and their proposed verdict form on one another no later than **September 16, 2016.** The parties shall conduct a conference to address their proposed jury instructions and verdict form no later than **September 23, 2016**. At the conference, the parties **SHALL** attempt to reach agreement on jury instructions and verdict form for use at trial. The parties shall file all agreed-upon jury instructions and verdict form no later than **September 30, 2016**, and identify such as the agreed-upon jury instructions and verdict forms. At the same time, the parties **SHALL** lodge via e-mail a copy of the joint jury instructions and joint verdict form (in Word format) to JLTOrders@caed.uscourts.gov.

**If and only if, the parties after genuine, reasonable and good faith effort** cannot agree upon certain specific jury instructions and verdict form, the parties shall file their respective proposed (disputed) jury instructions and proposed (disputed) verdict form no later than **September 30, 2016,** and identify such as the disputed jury instructions and verdict forms.  At the same time, the parties **SHALL** lodge via e-mail, a copy of his/their own (disputed) jury instructions and proposed (disputed) verdict form (in Word format) to JLTOrders@caed.uscourts.gov.

In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil Jury Instructions or California's CACI instructions to the extent possible.  All jury instructions and verdict

forms shall indicate the party submitting the instruction or verdict form (i.e., joint, plaintiff's, defendant's, etc.), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the **complete** text of the instruction, and the legal authority supporting the instruction.  Each instruction SHALL be numbered.

### 4. Statement of the Case

The parties **SHALL** file a joint non-argumentative, brief statement of the case which is suitable for reading to the jury at the outset of jury selection on or before **September 30, 2016**.  In the event they cannot agree on a joint statement, each side SHALL file a non-argumentative, brief statement of the case on or before **September 30, 2016.**

## X. OBJECTIONS TO PRETRIAL ORDER

Any party may, within 10 days after the date of service of this order, file and serve written objections to any of the provisions set forth in this order. Such objections shall clearly specify the requested modifications, corrections, additions or deletions.

## Y. MISCELLANEOUS MATTERS

None.

## Z. COMPLIANCE

Strict compliance with this order and its requirements is mandatory.  All parties and their counsel are subject to sanctions, including dismissal or entry of default, for failure to fully comply with this order and its requirements.

IT IS SO ORDERED.

Dated:   **August 15, 2016**                    **/s/ Jennifer L. Thurston**
                                                UNITED STATES MAGISTRATE JUDGE